**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Selective Insurance Company of America, | Case No. 9:23-cv-06458-RMG |
| Plaintiff, | |
| v. | |
| Jamila Johnson, | **ORDER AND OPINION** |
| Defendant. | |

This matter comes before the Court on a motion for judgment on the pleadings by Plaintiff Selective Insurance Company of America. (Dkt. Nos. 16, 17). Defendant filed a response (Dkt. No. 23), and Plaintiff replied (Dkt. No. 24). This matter has been fully briefed and is ripe for disposition. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted.

## I.    Background

This insurance coverage dispute arises from a vehicular accident in which Defendant was injured while riding as a passenger in a vehicle operated by Sha'nyria Lee. The vehicle was owned and insured by Kevin Lee. The automobile liability insurance policy ("the Policy") provides liability coverage of $250,000 per person and $500,000 per accident. (Dkt. No. 1, ¶ 14). Separately, the Policy provides underinsured motorist (UIM) coverage of $250,000 per person and $500,000 per accident. (*Id.*, ¶ 16). Johnson entered into a Covenant Not to Execute with Sha'nyria Lee and Kevin Lee on October 5, 2023, whereby, in exchange for the tender of the Policy's $250,000 liability coverage limit, Defendant was precluded from executing any judgment against the Lees but permitted to pursue claims against the Lees and Selective for UIM coverage. (Dkt. No. 1-6 at 2).

1

Selective now seeks a declaration from this Court that "Selective has no duty to provide coverage under the UIM Endorsement to Johnson for injuries she sustained as a result of the Accident," or in the alternative, a declaration "that the limit of coverage available under the UIM Endorsement to Johnson for injuries she sustained as a result of the accident is $250,000." (Dkt. No. 1, ¶ 46). For her part, Johnson contends she is entitled to $500,00 pursuant to the UIM Endorsement because she is "seeking liability for the independent torts for the two different insureds" (the alleged negligent driving by Sha'Nyria Lee and negligent entrustment by Kevin Lee), and Selective's tender of the $250,000 liability limit on behalf of one of the tortfeasors left the other with no insurance coverage, thereby allowing Johnson to pursue recovery under the UIM provisions. (Dkt. No. 8-1 at 2, 8).

## II.    Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Thus, in considering a Rule 12(c) motion, "all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (3d ed. 2011). "A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment motion or a full trial is necessary." *Id.* "An issue of fact is deemed to be material if the outcome of the case might be altered by the resolution of the issue one way rather than another." *Id.* "Thus, the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would

2

defeat recovery." *Id.* "A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings. It also may result from the defendant pleading new matter and affirmative defenses in his answer." *Id.* "Courts follow 'a fairly restrictive standard' in ruling on Rule 12(c) motions, as 'hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense.'" *In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, C/A No. 2:12-01297-DCN, 2013 WL 427345, at *1 (D.S.C. Feb. 4, 2013) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (3d ed. 2011)).

### III.    Discussion

The Court first rejects Defendant's contention that "it would be a fundamental violation of her due process rights for this Court to allow the Plaintiff to draft a complaint, attaches [*sic*] six exhibits, deny her the full opportunity for discover [*sic*], and then decide a motion on the pleadings that were drafter [*sic*] (with exhibits) by the Plaintiff—the same personal [*sic*] asserting a Motion on the pleading [*sic*]." (Dkt. No. 23 at 4). "A motion for judgment on the pleadings relies on the facts in the parties' pleadings rather than on the facts and record developed during discovery." *Dawkins v. Experian Info. Sols., Inc.*, No. 622CV00774TMCJDA, 2022 WL 17668425, at *3 (D.S.C. Oct. 19, 2022), *report and recommendation adopted*, No. 6:22-CV-774-TMC, 2022 WL 17351761 (D.S.C. Dec. 1, 2022). In ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), "the court only considers the answer as well as the complaint and documents incorporated by reference in the pleadings." *Middleton v. Andino*, 474 F. Supp. 3d 768, 774 (D.S.C. 2020) (internal quotations omitted). The exhibits Defendant complains of are a copy of the complaint Defendant filed in state court (Dkt. No. 1-1),

3

a copy of the Policy (Dkt. No. 1-2), correspondence between Defendant's and Plaintiff's counsel regarding their respective interpretations of the Policy coverage (Dkt. Nos. 1-3, 1-4, 1-5), and a copy of the October 5, 2023 Covenant Not to Execute. (*See* Dkt. No. 1-6). The Court considers these exhibits incorporated by reference in the pleadings for purposes of ruling upon Plaintiff's Rule 12(c) motion. Because the Court does not consider discovery in ruling upon a Rule 12(c) motion, Defendant's concerns are immaterial.

Plaintiff argues the plain language of the Policy's nonduplication clause bars Defendant from recovering under the Policy's UIM coverage where she has recovered payment under the Policy's liability coverage. (Dkt. No. 16 at 5-6). "When the purpose of the underlying dispute is to determine whether coverage exists under an insurance policy, the action is one at law." *Crossmann Cmtys of N.C., Inc. v. Harleysville Mut. Ins. Co.*, 717 S.E.2d 589, 592 (S.C. 2011). Under South Carolina law, which governs the Policy, "insurance policies are subject to the general rules of contract construction." *Whitlock v. Stewart Title Guar. Co.*, 732 S.E.2d 626, 628 (S.C. 2012) (internal quotations omitted). "When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." *Auto-Owners Ins. Co. v. Carl Brazell Builders, Inc.*, 588 S.E.2d 112, 115 (S.C. 2003).

Selective contends that the nonduplication provision is unambiguous. (*Id.* at 5-7). Defendant accepts for purposes of this Motion that the nonduplication clause is unambiguous. (Dkt. No. 23 at 4). As a result, this Court is guided by the "plain, ordinary, and popular meaning" of the Policy language, which reads:

> No one will be entitled to receive duplicate payments for the same
> elements of loss under this coverage and: (1) Part C of this Policy

4

> [providing uninsured motorist coverage]; or (2) Any Underinsured
> Motorist coverage provided by this Policy.

(Dkt. No. 1-2 at SEL-00036). The Court considers this provision to clearly preclude Defendant from recovering UIM coverage where she has already received payment under the Policy's liability coverage. (*See* Dkt. No. 1-6 at 2 (tendering the $250,000 in available liability coverage under the Policy)). In further support, Selective points this Court to *Sibert v. State Automobile Insurance Company*, where the policy at issue contained an identical nonduplication provision. *See* C.A. No. 8:20-4000-HMH, 2021 WL 3514000, at *2 (D.S.C. Aug. 10, 2021). In *Sibert*, the Plaintiff sought a declaration that the relevant policy "provide[d] Plaintiff with UIM coverage without any exclusion or limitation for having received payment under the Policy for liability coverage." *Id.* at *2–4. The court determined that the nonduplication provisions "plainly prohibit[ed] duplicate payments for the same elements of loss under the Policy's liability and UIM coverages." *Sibert*, 2021 WL 3514000, at *2. After conducting a review of South Carolina case law opining on insurers' ability to exclude UIM coverage, the court held that the nonduplication provision did not violate South Carolina's UIM statute and was thus enforceable, granting summary judgment in favor of the insurer. *Id.* at *3-4 (citing S.C. Stat. § 38-77-160). Given the identical language of the Policy here, this Court holds that the Policy's nonduplication provision comports with public policy.

Defendant concedes that "Defendant cannot be paid the UIM proceeds if the payments are duplicate and for the same element of loss," but appears to contend that Defendant seeks multiple elements of damages in the pending Hampton County state court action, such that there are potential additional elements of loss she could recover for under the Policy. (Dkt. No. 23 at 5). The Court understands Defendant to refer to the separate claims she brings for (1) negligent

5

entrustment of the vehicle by Kevin Lee and (2) negligent operation of the vehicle by Sha'nyria Lee. The district court addressed a similar factual scenario in *Diamond State Insurance Company v. Estate of McNeal*, where the insurer sought a declaration that Defendant was entitled to recover under only one of two liability provisions contained in that policy, and additionally could not seek additional UIM coverage. No. 1:11-CV-02528-JMC, 2013 WL 934182, at *4 (D.S.C. Mar. 11, 2013). As in this case, the defendant brought negligence claims against both the owner and driver of the vehicle in the underlying state court action. *Id.* The district court acknowledged that while these "may constitute separate events and/or independent proximate causes for [the decedent's] death, the only 'bodily injury' or 'property damage' that occurred in [the] case was the single accident." *Id.* As a result, and in light of the Policy's anti-stacking language, the court considered that coverage was available under *either* of the two potential liability provisions of the Policy, but not both. *Id.* The court also concluded that the nonduplication provision unambiguously barred the decedent's estate from recovering UIM coverage where it had already received liability coverage. *Id.* at *5.

This Court applies the same reasoning here, and holds that, regardless of the separate claims for damages Defendant may advance in state court, she is precluded from seeking recovery under multiple policy provisions for the same element of loss. This decision comports with the purpose of UIM coverage, which is designed to protect the insured against the negligence of underinsured drivers, not to result in a windfall or double recovery to the injured party. *Burgess v. Nationwide Mut. Ins. Co.*, 644 S.E.2d 40, 43 (S.C. 2007). Defendant's citation of *Schweihs v. State Farm Insurance Company* is inapposite. *See* No. 2:18-CV-140, 2020 WL 1515087 (N.D. Ind. Mar. 30, 2020). The plaintiff in that case was injured in a collision involving two negligent drivers, and recovered the liability coverage limits of each driver's

insurance policy. *Id.* at *3. Because her damages exceeded the liability limits of one of the negligent driver's policies, she sought UIM recovery from the other driver's policy to make up for the shortfall. *Id.* In making her argument, Plaintiff "recognize[d] that [the primary driver's vehicle] is excluded from being an underinsured vehicle" and instead "sought to recover underinsured motorist benefits based on [the other driver's] vehicle being underinsured and his insurance proceeds being insufficient." *Id.* at *4. By contrast, here Plaintiff is "seeking to recover under the liability and underinsured motor vehicle sections of the Policy based on [Lee's] vehicle alone." *Id.* This is clearly barred by the Policy's nonduplication provision, and as a result it is of no consequence that the pleadings do not establish whether Defendant would receive excess recovery if she recovered UIM coverage in addition to the liability coverage she has already received.

## IV.    Conclusion

In light of the foregoing, Plaintiff's motion for judgment on the pleadings is **GRANTED**. (Dkt. No. 16).

**AND IT IS SO ORDERED.**

>   s/Richard M. Gergel
> Richard Mark Gergel
> United States District Judge

June 10, 2024
Charleston, South Carolina